# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

EDWARD SLADE,

        Petitioner,

v.

ISIDRO BACA, *et al.*,

        Respondents.

Case No. 3:19-cv-00641-MMD-CLB

ORDER

Plaintiff Edward Slade, currently incarcerated and in the custody of the Nevada Department of Corrections, filed this habeas corpus matter under 28 U.S.C. § 2254. Petitioner has paid the filing fee.[1]

Petitioner also has filed a motion for appointment of counsel. Although Petitioner has paid the filing fee, he is financially unable to afford counsel.

Having reviewed the petition, the Court finds that appointment of counsel is warranted. Petitioner alleges that in 1983 he was convicted of first-degree murder with the use of a deadly weapon. The trial court imposed two sentences of life imprisonment without the possibility of parole, to be served consecutively. Without relief, Petitioner will die in prison, and that favors appointment of counsel.

The issue that Petitioner presents is complicated. At the time of Petitioner's trial, the prosecution needed to prove willfulness, premeditation, and deliberation as distinct elements of first-degree murder. *See Riley v. McDaniel*, 786 F.3d 719, 723 (9th Cir. 1995) (quoting *Hern v. State*, 635 P.2d 278, 280 (Nev. 1981)). Petitioner alleges that he received an instruction approved in *Kazalyn v. State*, 825 P.2d 578 (Nev. 1992), that treated willfulness, premeditation, and deliberation all as one element. Then, in *Byford v. State*,

---

[1] The payment of the fee has not been docketed as of the date of this order.

994 P.2d 700 (Nev. 2000), the Nevada Supreme Court determined that willfulness, premeditation, and deliberation were distinct elements, and that trial courts needed to stop using the *Kazalyn* instruction. Two decades of litigation over how to treat people who received the *Kazalyn* instruction, either before the *Kazalyn* decision or after it, have ensued. In a matter this complicated, counsel will be of assistance to Petitioner in developing his claim.

For these reasons, the Court finds that appointment of counsel is warranted.

It is therefore ordered that the Clerk of Court file the petition for a writ of habeas corpus, currently on the docket at ECF No. 1-1, and the motion for appointment of counsel, currently on the docket at ECF No. 1-2.

It is further ordered that the motion for appointment of counsel is granted.

It is further ordered that the Federal Public Defender is provisionally appointed as counsel. The Federal Public Defender will have 30 days from the date of entry of this order either to undertake representation of Petitioner, or to indicate to the Court the office's inability to represent Petitioner. If the Federal Public Defender is unable to represent Petitioner, then the Court will appoint alternate counsel, subject again to establishment of financial eligibility. The Court will set a deadline for filing an amended petition or a motion seeking other relief after counsel has appeared. The court anticipates setting the deadline for 120 days from entry of the formal order of appointment. The Court does not signify any implied finding of tolling during any time period established or any extension granted. Petitioner always remains responsible for calculating the limitation period of 28 U.S.C. § 2244(d)(1) and timely presenting his claims. The Court makes no representation that the petition, any amendments to the petition, and any claims in the petition or amendments are not subject to dismissal as untimely. *See Sossa v. Diaz*, 729 F.3d 1225, 1235 (9th Cir. 2013).

It is further ordered that the Clerk of Court add Aaron Ford, Attorney General for the State of Nevada, as counsel for Respondents.

///

It is further ordered that the Clerk of Court electronically serve both the Attorney General of the State of Nevada and the Federal Public Defender a copy of the petition, and a copy of this order.

It is further ordered that Respondents' counsel must enter a notice of appearance within 21 days of entry of this order, but no further response will be required from Respondents until further order of the Court.

It is further ordered that the Clerk of Court provide copies of all prior filings to both the Attorney General and the Federal Public Defender in a manner consistent with the Clerk of Court's current practice, such as regeneration of notices of electronic filing.

DATED THIS 12th day of February 2020.

MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE